DAMAC, INC., *et al.*, Plaintiffs-Appellants, *v.* ROBERT M. WHITLER *et al.*, Defendants-Appellees. (Paul Olson, d/b/a Olson Airport, *et al.*, Intervening Plaintiffs-Appellants).

First District (4th Division) No. 82—925

Opinion filed October 6, 1983.

Edward A. Berman, of Berman, Roberts & Kelly, and Eugene T. Sherman, both of Chicago, for appellants.

Neil F. Hartigan, Attorney General, of Springfield (Paul J. Bargiel, of Doss, Puchalski, Keenan & Bargiel, Special Assistant Attorney General, of counsel), for appellees.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiffs and the class they represent are owners and operators of airplanes in Illinois. Plaintiffs-intervenors are retailers of aviation fuel in Illinois. This appeal is brought by the attorneys for plaintiffs

and plaintiffs-intervenors to recover additional fees at the conclusion of this successful class action litigation.

The sole issue on appeal is whether the trial court abused its discretion in granting an amount of fees significantly lower than that sought by the two attorneys for the successful litigants. No appeal is taken from the judgment resolving the issues raised in the class action.

On May 15, 1978, plaintiffs, represented by Edward A. Berman, filed suit against defendants Illinois Department of Revenue and the Regional Transportation Authority (RTA), charging that defendants were imposing an unconstitutional tax on the purchase of aviation fuel. Shortly thereafter, plaintiffs-intervenors, represented by attorney Eugene T. Sherman, were permitted to intervene in the suit. The RTA was dismissed from the suit. Plaintiffs and plaintiffs-intervenors will be treated as one class since the cause proceeded in a manner common to both classes; therefore, hereafter, both will be referred to as plaintiffs.

On May 26, 1978, the trial court entered an order on plaintiffs' motion as follows: (1) a temporary injunction was issued enjoining the Director of Revenue from turning over any taxes collected on the purchase of aviation fuel; (2) two segregated interest-bearing funds would be established for the purpose of depositing moneys collected via the tax; and (3) all taxes collected would be impounded until the matter was resolved.

No questions of fact were raised, and the cause came before the court on the pleadings for resolution of the legal issues. Defendants filed a motion to dismiss the complaint and dissolve the injunction. The motions were argued and briefed by the parties. On June 6, 1979, the trial court entered an order in favor of plaintiffs. The tax was found to be violative of the Illinois and Federal constitutions and further collection was enjoined. The court also held that if the matter were appealed, then defendant Illinois Director of Revenue should continue to collect the tax and deposit the money in a special interest-bearing account until a final decision by the reviewing court.

A procedure to refund the tax money collected under the unconstitutional tax was established. The trial court retained jurisdiction of the matter during administration and disbursement of the funds. Defendants did not appeal the trial court's ruling.

On July 23, 1979, attorneys Sherman and Berman petitioned for an award of interim attorney fees of $25,000 each. On August 9, 1979, the court granted the petitions for the amount asked.

On September 13, 1979, the circuit court appointed Thomas

Bridgman of Baker and McKenzie (trustee) to administer the funds and handle claims and other attendant matters. Attorney Kevin Forde was also appointed to assist the trustee in legal matters.

Agreements involving investment and control of the funds were reached with First National Bank of Chicago (escrowee). In February 1980, the trial court approved the trustee's plan for notice, distribution, receipt and review of the claims against the funds.

On September 5 and 8, 1980, attorneys Berman and Sherman, respectively, filed "final" petitions for attorney fees. On November 7, 1980, the trial court entered an order on the petitions for final attorney fees as follows: Sherman was awarded $73,596.40 less $25,000 already received as interim fees; Berman was awarded $76,859.16 less $25,000 already paid as interim fees. In November 1981, attorneys Berman and Sherman filed petitions for additional fees. Berman sought $8,700 and Sherman sought $8,250. On January 21, 1982, the trial court awarded them $2,046 and $1,000, respectively. It is from that order that this appeal was brought.

Attorneys Berman and Sherman contend that the trial court's reduction of their fee petitions was an abuse of discretion because as attorneys for the plaintiff class they had a duty to the class which was different from that of the trustee. They argue that the trial court misapprehended their function and mistakenly assumed that appointment of the trustee ended their responsibility to the plaintiff class. They make additional arguments and cite support for their position that they had a special fiduciary relationship to the plaintiff class and were thus bound to participate in the matter until the trustee's work was completed and the accounts closed.

Our supreme court has said that the amount of fees awarded in cases such as this is within the discretion of the trial court. (*Leader v. Cullerton* (1976), 62 Ill. 2d 483, 488, 343 N.E.2d 897, 900.) In a class action, the fee is not the result of a voluntary agreement between the attorney and his client. Rather, the fee is an amount taken by order of the court from money that belongs to others, and the amount is dependent upon the exercise of the court's sound discretion. *Fiorito v. Jones* (1978), 72 Ill. 2d 73, 87-88, 377 N.E.2d 1019, 1025.

In *Fiorito v. Jones*, our supreme court quoted *Leader v. Cullerton* in defining the criteria for determining proper fees in class actions. That criteria is summarized as follows: (1) the total number of hours expended which benefited the class; (2) the manner in which the time was expended; (3) by whom; (4) whether the expended time benefited the class (hours which do not benefit the class are disallowed); (5) the court's own knowledge, experience and expertise as to whether the

time spent and the acts performed were reasonable as compared with other attorneys performing similar tasks. The court must not allow compensation for unnecessary, duplicative or inefficient work. *Fiorito v. Jones* (1978), 72 Ill. 2d 73, 89.

While we agree with the general principles regarding the duties of attorneys to the plaintiff class in a suit such as this, the crux of the issue in this case is whether the trial judge properly exercised his discretion.

There was a brief hearing prior to the trial court's determination regarding the instant fee question. At that hearing, plaintiffs' attorneys argued that their duties were not synonymous with those of the trustee and the trustee's legal counsel. The trial judge indicated that he was aware of the duties and responsibilities of the parties. There is no indication that the trial judge was under any misapprehension of the legal duties owed by attorneys Berman and Sherman to the plaintiff class or that he intended to terminate their legal representation of the plaintiff class. The comments of the trial court during that hearing makes it clear that he considered a number of factors in making his decision. The court specifically mentioned the relatively uncomplicated nature of the litigation, the necessity of time expended on various matters, whether the class benefited from some of the activities and time expended by plaintiffs' attorneys, whether the hourly rate was reasonable, and the fact that plaintiffs' counsel had already received the fees petitioned for on two prior occasions. The trial judge commented that while he considered plaintiffs' attorneys to be skilled and experienced, after considering all factors, he found it reasonable to reduce the final award from the $8,700 and $8,250 sought to $2,046 and $1,000 respectively.

An analysis of the reasoning in *Fiorito v. Jones* (1978), 72 Ill. 2d 73, 377 N.E.2d 1019 (when compared with the facts here), and its companion cases does not support plaintiffs' attorneys' contention that the trial judge was arbitrary and capricious in his determination. The fact that the judge did not award the exact amount of fees sought by plaintiffs' counsel does not by itself establish abuse of discretion. He did not deny the fee petitions *in toto*, he simply awarded less than the total amount sought. We find no reason to disturb the trial court's ruling. Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

ROMITI, P.J., and LINN, J., concur.